Filed 10/15/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY TROY FREEMAN,<br><br>  Defendant and Appellant. | 2d Crim. No. B237613<br>(Super. Ct. No. 2008013384)<br>(Ventura County)<br><br>OPINION AND<br>O R D E R |

THE COURT:[*]

      The Attorney General moved to strike the fourth opening brief filed by appellant's retained counsel, Steve Pell (hereafter "counsel"). Alternatively, the Attorney General prays for an order that the appeal be deemed abandoned on the ground that the opening brief does not comply with the California Rules of Court (Rules). We allowed counsel four opportunities to file a brief that complies with the Rules. We grant the Attorney General's motion to strike the fourth opening brief and take the rare step of removing counsel.

      Counsel represents appellant Jeffrey Troy Freeman, presently incarcerated and serving a determinate 18-year term plus a consecutive indeterminate term of 15 years to life. We received the record on appeal in February of 2012. On May 3 and July 10,

---

*Gilbert, P.J., Yegan, J., Perren J.

1

2012, we granted the Attorney General's motions to strike the opening briefs filed by appellant's counsel. The briefs failed to comply with the Rules because they did not set forth comprehensible statements of the facts, issues presented, and the applicable law. (Cal. Rules of Court, rules 8.360(a), 8.204.) We allowed counsel a third opportunity to file an opening brief that complied with the Rules.

On August 30, 2012, counsel filed an opening brief to which the Attorney General did not object. Following the completion of briefing, on May 9, 2013, this appeal was orally argued and submitted for decision. On May 15, 2013, we vacated submission on our own motion. We determined counsel's brief was inadequate and reflected ineffective assistance of appellate counsel. We struck the opening brief and allowed appellant's counsel another 60 days within which to file a new opening brief that complied with the Rules. To assist counsel in this task, we instructed the clerk of this court to send counsel an exemplar brief. We also advised counsel that failure to follow the Rules concerning briefing could result in a variety of sanctions against him, including removal as attorney of record. Our admonition went unheeded.

On July 9, 2013, counsel filed an opening brief which, for the fourth time, violates the Rules. The only improvement is the statement of facts, which was taken almost verbatim from the respondent's brief previously filed by the Attorney General. On August 28, 2013, the Attorney General moved to strike the opening brief or to deem the appeal abandoned because of the unintelligible and unsupported claims in the brief. We deny the latter request. We do not punish appellant for the ineptitude of his counsel. We agree with the Attorney General's contention that substantial portions of the opening brief are "unintelligible" and that it is difficult, if not impossible, "to discern, and meaningfully respond to, appellant's contentions on appeal."

The right to effective assistance of counsel applies to both appointed and retained counsel. (*People v. Frierson* (1979) 25 Cal.3d 142, 161-162; 5 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Trial, § 232, p. 389.) This court has the obligation to ensure adequate representation of counsel, even to the extent of removing retained counsel, but "only in the most flagrant circumstances of attorney

2

misconduct or incompetence when all other judicial controls have failed." (*People v. Daniels* (1991) 52 Cal.3d 815, 846 [power to remove counsel, appointed or retained, more limited than power to appoint]; *Alexander v. Superior Court* (1994) 22 Cal.App.4th 901, 911-912 [same].)

Counsel may be relieved on the court's own motion, even over the objection of defendant or counsel. Although the trial judge or the appellate court "has the discretion to overrule defendant's choice of counsel in order to eliminate potential conflicts, ensure adequate representation, or prevent substantial impairment of court proceedings, this discretion has been severely limited by California decisions. Thus, 'the state should keep to a necessary minimum its interference with the individual's desire to defend himself in whatever manner he deems best, using any legitimate means within his resources - and . . . that desire can constitutionally be forced to yield only when it will result in significant prejudice to the defendant himself or in a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case.' " (*People v. McKenzie* (l983) 34 Cal. 3d 616, 629-630 [citation omitted].)

Counsel's briefing has unreasonably interfered with and disrupted the orderly process of this appeal. There is no reason to believe he will comply with an order allowing him a fifth opportunity to file an opening brief to which the Attorney General, or this court, could intelligently respond. Appellant's retention of counsel of choice will significantly prejudice him by impeding his right to appellate review.

We have a duty to all criminal defendants to decide their cases on the basis of the facts and law. A convicted defendant has the right to effective assistance of counsel on appeal. (See *Evitts v. Lucey* (1985) 469 U.S. 387, 396.) The appellate court's goal is to decide cases on the merits after adversary briefing and argument by counsel. (*In re Smith* (l970) 3 Cal.3d 192, 203 [defendant has the right to have the issues considered after they have been "adversatively argued"].) Were we to proceed with this appeal based on the present briefing, we would do a disservice to appellant and the appellate process. In our view, any state or federal court would grant extraordinary relief in this case because of ineffective assistance of appellate counsel.

3

Accordingly, we grant the Attorney General's motion to strike the opening brief filed by appellant's counsel. (Rule 8.204(e).) On the court's own motion, we remove Steve Pell as appellant's attorney of record. He is directed to serve a copy of this order on his client and to provide proof of such service to the clerk of this court within fifteen (15) days from the date of this order. The California Appellate Project (CAP) is directed to communicate with appellant and ascertain whether he is indigent and desirous of appointed counsel. If appellant is financially unable to retain new counsel, he may ask this court to appoint counsel on a showing that he is indigent. Appellant shall have sixty (60) days from the date of this order within which to substitute new counsel as attorney of record, or to request that this court appoint counsel to represent him in this appeal.

All proceedings in this appeal are stayed pending the substitution or appointment of new counsel to represent appellant, at which time this stay shall be lifted without further order of this court. As of that date, appellant's new counsel shall have ninety (90) days within which to file an opening brief.

The clerk of this court is directed to send a copy of this order to the California State Bar, CAP, and appellant personally.

<u>CERTIFIED FOR PUBLICATION.</u>

Patricia R. Murphy, Judge

Superior Court County of Ventura

_____

Steve Pell, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, John Yang, Deputy Attorney General, for Plaintiff and Respondent.