Filed 12/14/17

CERTIFIED FOR PARTIAL PUBLICATION*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E067000 |
| v. | (Super.Ct.No. RIF1300482) |
| JESUS MANUEL LUCERO, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Irma Poole Asberry, Judge. Affirmed.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Steve Oetting and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

---

    * Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part III.

1

Defendant Jesus Manuel Lucero has a history of failing to appear. Among other things, he failed to appear during most of his trial in this case. The trial court nevertheless proceeded with the trial in his absence, and a jury found him guilty.

Defendant's appointed counsel, John Dorr, filed a motion for new trial, arguing that there had been good cause for defendant's absence from trial. At argument on the motion, however, Dorr conceded that the motion was untimely, and the trial court denied it as untimely, without even reading it. In a previous appeal, we held that the motion was not untimely, and that Dorr rendered constitutionally ineffective assistance of counsel by conceding that it was. We directed the trial court to rule on the merits of the motion.

On remand, the trial court duly held a hearing on the new trial motion; once again, Dorr represented defendant, and once again, defendant failed to appear. The trial court found that defendant was voluntarily absent; it then proceeded to deny the motion.

Defendant appeals. In the published portion of this opinion, we will hold that, while Dorr's previous ineffective assistance afforded sufficient grounds to relieve him and to appoint new counsel on remand, the trial court was not required to do so unless and until defendant asked it to. In the unpublished portion of this opinion, we will hold that the trial court's finding that defendant's absence from the new trial hearing was knowing and voluntary was supported by substantial evidence. Accordingly, we will affirm.

# I

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *Defendant's Failure to Appear at Trial*.

Defendant was charged with first degree burglary (Pen. Code, §§ 459, 460) and simple possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). Attorney Dorr was appointed to represent defendant.

Before trial, on three separate occasions, defendant failed to appear, causing the trial court to issue a bench warrant.

Once trial started, defendant was present for the first two days, but on the third day, he failed to appear. Dorr asserted that defendant was in the hospital. The trial court granted a one-day continuance, but it warned Dorr that defendant would have to produce medical documentation of his unavailability to obtain a further continuance.

On the fourth day, defendant once again failed to appear. Dorr did not attempt to explain why defendant was absent and did not produce any medical documentation. The trial court therefore refused to grant a further continuance. On the fifth day of trial, defendant still did not appear. The jury found defendant guilty as charged.

Dorr filed a motion for new trial, on the ground that defendant had been unable to appear for legitimate medical reasons. At the hearing on the motion, however, Dorr conceded that it was untimely; the trial court denied it as untimely, without reading it. It proceeded to sentence defendant to a total of two years eight months in prison. Later, pursuant to Proposition 47, it reduced the conviction for simple possession of

3

methamphetamine to a misdemeanor and resentenced defendant to a total of two years in prison.

B.      *Defendant's First Appeal.*

Defendant appealed. We requested further briefs on whether defendant's motion for new trial had, in fact, been untimely. Defendant then argued, not only that the motion was actually timely, but also that Dorr had rendered ineffective assistance by conceding that the motion was untimely. We agreed on both points. We therefore reversed the judgment. (*People v. Lucero* (February 24, 2015, E060275) 2015 Cal. App. Unpub. LEXIS 1385 [nonpub. opn.].) We further directed: "On remand, the trial court shall hold a hearing on defendant's new trial motion. If it grants the motion, it shall order a new trial. If it denies the motion, it shall reinstate the judgment." (*Id*. at p. *29.)

C.      *Defendant's Failure to Appear on Remand*.

On remand, the trial court set a hearing on defendant's new trial motion. The hearing, however, was repeatedly continued. In particular, in July 2015, September 2015, and again in January 2016, the hearing was continued based on Dorr's representations that defendant was in the custody of Immigration and Customs Enforcement (ICE).

While defendant was in ICE custody, Dorr visited him; they discussed the status of the case, including the fact that the judgment had been reversed on appeal. Dorr told him that, if he was released, he needed to let Dorr know.

4

As of May 14, 2016, defendant evidently was no longer in ICE custody, as he was arrested on misdemeanor drug charges. He signed a citation promising to appear on July 29, 2016.

On May 27, 2016, defendant was arrested on a new misdemeanor drug charge, as well as for misdemeanor resisting an officer. On June 3, 2016, while still in custody, he was arraigned; a hearing was set for July 1, 2016. A hearing in this case was also set for July 1, 2016, specifically so defendant could appear in both cases at the same time. On that date, he failed to appear.

A hearing in this case was then set for July 29, 2016, again so defendant could appear in this case and in his first misdemeanor case at the same time. On that date, he failed to appear. Dorr moved to take the motion for new trial off calendar. The prosecution counter-moved to hold a hearing on the motion in defendant's absence. The trial court continued the hearing.

On August 12, 2016, at the continued hearing, defendant failed to appear. Dorr represented that he had not had any contact with defendant since defendant was released. The trial court found that defendant was absent voluntarily; it therefore held a hearing on the new trial motion.

After hearing argument, it denied the motion for new trial; it found that defendant's claim that he had been unable to appear at trial for medical reasons was not credible. It therefore reinstated the judgment.

5

## II

## DEFENDANT'S CONTINUED REPRESENTATION BY AN ATTORNEY

## FOUND ON APPEAL TO HAVE RENDERED INEFFECTIVE ASSISTANCE

On our own motion, we questioned whether it was reversible error that Dorr continued to represent defendant on remand. At our request, both sides submitted further briefing on this issue. It appears to present a question of first impression. We therefore begin with some basic principles.

"'Under both the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution, a criminal defendant has the right to the assistance of counsel. [Citations.] . . . Construed in light of its purpose, the right entitles the defendant not to some bare assistance but rather to *effective* assistance.' [Citation.]" (*People v. Staten* (2000) 24 Cal.4th 434, 450.)

Under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), a criminal defendant can move to discharge his or her current appointed counsel and to appoint new counsel based on ineffective assistance. (*Id*. at p. 123.) "A trial court should grant a defendant's *Marsden* motion only when the defendant has made 'a substantial showing that failure to order substitution is likely to result in constitutionally inadequate representation' [citation], or stated slightly differently, 'if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result' [citation]." (*People v. Hines* (1997) 15 Cal.4th 997, 1025–1026.)

Ineffective assistance of counsel can also be the basis of a new trial motion. (*People v. Fosselman* (1983) 33 Cal.3d 572, 582–584.)  Trial counsel, however, can hardly bring a new trial motion based on his or her own ineffective assistance; this situation presents an "'inherent conflict.'"  (*People v. Smith* (1993) 6 Cal.4th 684, 692 (*Smith*).)  Accordingly, in *Smith,* the Supreme Court held that "a defendant is entitled to appointment of substitute counsel upon a proper showing posttrial or postconviction as well as pretrial."  (*Id*. at p. 692.)  "[T]he trial court should appoint substitute counsel when a proper showing has been made at any stage.  A defendant is entitled to competent representation at all times, including presentation of a new trial motion . . . .  [W]hen a defendant satisfies the trial court that adequate grounds exist, substitute counsel should be appointed.  Substitute counsel could then investigate a possible . . . motion for new trial based upon alleged ineffective assistance of counsel."  (*Id*. at p. 695.)

The court further held that "the standard expressed in *Marsden* and its progeny applies equally preconviction and postconviction."  (*People v. Smith*, *supra*, 6 Cal.4th at p. 694.)  "[S]ubstitute counsel should be appointed when, and only when, necessary under the *Marsden* standard, that is whenever, in the exercise of its discretion, the court finds that the defendant has shown that a failure to replace the appointed attorney would substantially impair the right to assistance of counsel [citation], or, stated slightly differently, if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an

irreconcilable conflict that ineffective representation is likely to result [citation]. This is true *whenever* the motion for substitute counsel is made." (*Id*. at p. 696.)

The court added, "It is the very nature of a *Marsden* motion, at *whatever* stage it is made, that the trial court must determine whether counsel has been providing competent representation. Whenever the motion is made, the inquiry is forward-looking in the sense that counsel would be substituted in order to provide effective assistance in the *future*. But the decision must always be based on what has happened in the *past*." (*People v. Smith*, *supra*, 6 Cal.4th at p. 695.)

Of course, an ineffective assistance of counsel claim can be asserted, not only in a *Marsden* motion or a new trial motion, but also on appeal. (*People v. Pope* (1979) 23 Cal.3d 412, 425.) Here, in defendant's previous appeal, we held that Dorr rendered ineffective assistance. Our ruling was, in substance, a finding that defendant's "appointed attorney [wa]s not providing adequate representation"; in the *Marsden* context, this finding would require Dorr to be discharged and replaced. Moreover, our ruling was binding on the trial court as law of the case. (See *People v. Alexander* (2010) 49 Cal.4th 846, 870.) Thus, if defendant had brought a *Marsden* motion on remand, the trial court would have been required to grant it.

But defendant did not bring a *Marsden* motion. And that made all the difference.

"[T]he trial court is not required to conduct a *Marsden* hearing on its own motion. [Citations.]" (*People v. Martinez* (2009) 47 Cal.4th 399, 421.) "''''[A]lthough no formal motion is necessary, there must be "at least some clear indication by defendant that he

8

wants a substitute attorney."' [Citation.]" [Citation.]' [Citation.]" (*People v. Sanchez* (2011) 53 Cal.4th 80, 91.) In at least one case, the Supreme Court has held that a trial court cannot relieve appointed counsel on its own motion based on ineffective assistance of counsel. (*Smith v. Superior Court* (1968) 68 Cal.2d 547, 562.) Admittedly, in a later case, it suggested that this is not absolutely forbidden. (*People v. McKenzie* (1983) 34 Cal.3d 616, 629–630 [dictum], disapproved on other grounds by *People v. Crayton* (2002) 28 Cal.4th 346, 364–365; see also *People v. Freeman* (2013) 220 Cal.App.4th 607, 610.) However, we have found no California case holding that a trial court must relieve ineffective appointed counsel on its own motion or that failure to do so is reversible error.[1]

We recognize that, on remand, defendant never appeared. However, Dorr visited him in custody and apprised him of the outcome of the first appeal; thus, defendant was aware of the grounds for a potential *Marsden* motion. And as we hold in the unpublished portion of this opinion, the trial court properly found that defendant was voluntarily absent, rather than unable to appear. Thus, even assuming the outcome might be different if defendant was unable to bring a *Marsden* motion, that was not the situation here.

---

[1] We address only the issue of relieving appointed counsel on the trial court's own motion based on ineffective assistance of counsel. The trial court's power and/or duty to relieve appointed counsel on its own motion based on a conflict of interest (see *People v. Peoples* (1997) 51 Cal.App.4th 1592, 1597–1599) or inability to proceed (see *People v. Cole* (2004) 33 Cal.4th 1158, 1187) is outside the scope of this opinion.

We therefore conclude that the trial court did not commit reversible error by failing to replace Dorr on remand.

## III

## THE TRIAL COURT PROPERLY FOUND THAT

## DEFENDANT WAS VOLUNTARILY ABSENT

"'A criminal defendant's right to be present at trial is protected under both the federal and state Constitutions. [Citations.]' [Citation.] [¶] But the right is not an absolute one. [Citation.] It may be expressly or impliedly waived. [Citation.]" (*People v. Espinoza* (2016) 1 Cal.5th 61, 72.)

"'[T]he controlling rule' [is] that '"[i]f a defendant at liberty remains away during his trial the court may proceed provided it is clearly established that his absence is voluntary. He must be aware of the processes taking place, of his right and of his obligation to be present, and he must have no sound reason for remaining away."' [Citations.]" (*People v. Espinoza*, *supra*, 1 Cal.5th at pp. 73–74.)

"Before it can make a finding that a defendant's absence is knowing and voluntary, a trial court must make reasonable inquiry and have 'sufficient facts before it.' [Citation.] The defendant must be given a 'full opportunity to explain his absence.' [Citation.] . . . 'Mere absence standing alone is purely equivocal.' [Citation.]" (*People v. Disandro* (2010) 186 Cal.App.4th 593, 602.)

Defendant asserts that our review is de novo. That is not entirely correct. According to our Supreme Court, "The role of an appellate court in reviewing a finding

of voluntary absence is a limited one. Review is restricted to determining whether the finding is supported by substantial evidence. [Citation.]" (*People v. Espinoza*, *supra*, 1 Cal.5th at p. 74.) We apply a de novo standard only to the extent that we "'measure[] the facts against the law. [Citation.]" (*People v. Gutierrez* (2003) 29 Cal.4th 1196, 1202.)

Here, defendant had prior failures to appear. However, he had been personally present at the previous hearing on his motion for new trial. When he was in ICE custody, Dorr told him "the status of the case" and instructed him to make contact once he was out of custody. This was sufficient evidence (in the words of *Espinoza*) that defendant was "aware of the processes taking place [and] of his right and of his obligation to be present."

Defendant's only counter-argument is that he did not have actual notice of the date and time of the hearing. However, he did have actual notice of the July 1, 2016 and July 29, 2016 hearing dates in his misdemeanor cases, which were also set as hearing dates in this case; nevertheless, he failed to appear on these dates. Even aside from actual notice, however, he knew that, if he failed to contact his counsel, the inevitable result would be a failure to appear. He could not close his eyes and stick his fingers in his ears to avoid learning the hearing date, yet claim that his failure to appear was not "knowing."

Whether there was substantial evidence that defendant had "no sound reason for remaining away" presents an only slightly closer question. We accept that mere absence is insufficient, and therefore it was not up to defendant to present a sound reason — it was up to the *prosecution* to present substantial evidence of the *lack* of a sound reason.

11

To meet this burden, there must be evidence from which it is fairly inferable that defendant was not in a coma, suffering from amnesia, or otherwise unable to be present.

Again, however, Dorr told defendant to make contact after he was released from ICE. And we do know that, on May 14, 2016, defendant was out of custody and sufficiently functional to be arrested for drug crimes. On May 27, 2016, he was again out of custody and capable of being arrested for a drug crime and for resisting an officer. On June 3, 2016, he was arraigned in one of his misdemeanor cases; although he was in custody at the time, he could at least have made a collect call to Dorr.

It is therefore clear that defendant could have contacted Dorr and could have learned the date and time of any hearing in this case. Instead, he studiously avoided gaining that knowledge. The trial court could reasonably conclude that defendant knowingly, intentionally and voluntarily failed to appear.


IV

DISPOSITION

The order appealed from is affirmed.

CERTIFIED FOR PARTIAL PUBLICATION

RAMIREZ_____
P. J.

We concur:

McKINSTER_____
J.
SLOUGH_____
J.

12