Filed 10/2/25      CERTIFIED FOR PUBLICATION

## COURT OF APPEAL – STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION ONE

THE PEOPLE,
Plaintiff and Respondent,
v.
RAZIEL RUIZ ALVAREZ,
Defendant and Appellant.
**D084581**
**San Diego County Super. Ct. Nos. SCD300445, SCS323766**

THE COURT:

On July 9, 2025, Attorney LeRoy George Siddell, State Bar No. 48670, filed an opposition to a motion to dismiss on behalf of the defendant and appellant in case No. D084851, *People v. Alvarez*. The opposition included a quotation attributed to *In re Benoit* (1973) 10 Cal.3d 72, 87–88, but the purported quote did not exist in the case. Attorney Siddell later clarified that it was not a direct quotation because he modified it "to incorporate broader principles."

The opposition also included a citation to a case that does not exist: *People v. Robinson* (2009) 172 Cal.App.4th 452. Counsel additionally cited two cases that do not address the issues for which they were cited: *People v. Jones* (2001) 25 Cal.4th 98 and *People v. Williams* (1999) 77 Cal.App.4th 436.

On July 30, 2025, we issued an order to show cause why sanctions, including monetary sanctions, should not be imposed for violations of Business & Professions Code section 6068, subdivision (d); Rule 3.3(a)(1) and (2) of the State Bar Rules of Professional Conduct, outlining an

attorney's duty of candor; and California Rules of Court, rule 8.1115(a), prohibiting citation to an opinion not certified for publication.

On August 11, 2025, Attorney Siddell filed a statement admitting his "lack of professionalism" for "failing to verify cases provided to [him] by artificial intelligence." We accepted his subsequent motion to withdraw as counsel after receiving confirmation that he informed his client of the request, and we directed Appellate Defenders, Inc. to appoint new counsel to restart the briefing sequence.

The hearing on the order to show cause was held September 15, 2025. At the hearing, Attorney Siddell apologized for failing to verify the legal citations and sources included in his motion and explained that this failure resulted from feeling rushed. He reported he had taken courses regarding artificial intelligence (AI) and was aware that AI could hallucinate cases, but he did not verify the accuracy of any citations. He explained he relies on staff to help draft motions and briefs, but he recognized it is his responsibility to check the caselaw before submitting documents to the court. He said in the future he would "trust but verify" research provided through the use of AI.

Attorney Siddell, like all California attorneys, is bound by the Business and Professions Code, the State Bar Rules of Professional Conduct, and the California Rules of Court. Business and Professions Code, section 6068, subdivision (d) states that it is the duty of an attorney "to employ . . . those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." The Rules of Professional Conduct prohibit an attorney from "knowingly mak[ing] a false statement of fact or law to a tribunal or fail[ing] to correct a false statement of material fact or law previously made to the tribunal by the lawyer." (Rules Prof. Conduct, rule 3.3(a)(1), fn. omitted.) These rules also

prohibit an attorney from "knowingly misquot[ing] to a tribunal the language of a book, statute, decision, or other authority." (*Id.* at rule 3.3(a)(2), fn. omitted.)

The Second Appellate District recently published *Noland v. Land of the Free, L.P.* (Sept. 12, 2025, No. B331918) ___ Cal.App.5th ___ [2025 WL 2629868], discussing the impact of the improper use of AI. We agree with our colleagues that "there is nothing inherently wrong with an attorney appropriately using AI in a law practice," but attorneys must check every citation to make sure the case exists and the citations are correct. (*Id.* at p. *11.) Attorneys should not cite cases for legal propositions different from those contained in the cases cited. (See *id.* at p. *12.) And attorneys cannot delegate this responsibility to any form of technology; this is the responsibility of a competent attorney. (*Id.* at p. *11.) " 'Honesty in dealing with the courts is of paramount importance, and misleading a judge is, regardless of motives, a serious offense.' " (*Paine v. State Bar of California* (1939) 14 Cal.2d 150, 154.)

The conduct here is not as egregious as what occurred in *Noland*. But it is particularly disturbing because it involves the rights of a criminal defendant, who is entitled to due process (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 29) and representation by competent counsel (*Evitts v. Lucey* (1985) 469 U.S. 387, 395; *People v. Kelly* (2006) 40 Cal.4th 106, 117). Courts are obligated to ensure these rights are protected. (*Rochin v. California* (1952) 342 U.S. 165, 169 [protecting due process rights]; *People v. Freeman* (2013) 220 Cal.App.4th 607, 609 [ensuring representation by competent counsel].) When criminal defense attorneys fail to comply with their ethical obligations, their conduct undermines the integrity of the judicial system. It also damages their credibility and potentially impugns the validity of the

3

arguments they make on behalf of their clients, calling into question their competency and ability to ensure defendants are provided a meaningful opportunity to be heard. Thus, criminal defense attorneys must make every effort to confirm that the legal citations they supply exist and accurately reflect the law for which they are cited. That did not happen here.

Attorney Siddell admitted to violating his professional duty by including a hallucinated citation and misrepresenting the law provided in other opinions. We infer he knowingly made a false statement based on this admission. (Rules of Prof. Conduct, rule 1.0.1(f).) He also violated rule 8.1115(a) of the California Rules of Court, which prohibits citation to unpublished opinions, because he cited a non-existent case, and rule 8.276(a)(4), which prohibits attorneys from committing unreasonable violations of the Rules of Court, because he misrepresented the substance of cases in filings before this court. (See Cal. Rules of Court, rule 8.366(c) [applying rule 8.276 to criminal appeals].)

Attorney Siddell voluntarily withdrew from representation, and new counsel was appointed to protect the defendant's rights, but his unprofessional behavior cost the court time and resources. Because we conclude Attorney Siddell has violated a Rule of Professional Conduct, we are required to "take appropriate corrective action." (Cal. Code of Jud. Ethics, canon 3D(2).) In line with this obligation, we are publishing this order. Further, consistent with the notion that sanctions should deter future improper behavior (see, e.g., Code Civ. Proc., § 128.7, subds. (b)(2), (c), (h)), we issue a sanction in the amount of $1,500 to be paid by Attorney Siddell individually to the Fourth District Court of Appeal, Division One. This monetary sanction will also reimburse the court for a small portion of the time and resources expended on this issue.

We direct the Clerk of this court to notify the State Bar of the sanctions against Attorney Siddell.  (Bus. & Prof. Code, §§ 6068, subd. (*o*)(3), 6086.7, subd. (a); Cal. Rules of Court, rule 10.1017(a).)

_____

MCCONNELL, P.J.

Copies to:  All parties

Randall David Einhorn (Bar No. 00174964)

Plaintiff and Respondent

The People


Jan B. Norman (Bar No. 117117)

Defendant and Appellant

Raziel Ruiz Alvarez


George Siddell (Bar No. 48670)

Defendant and Appellant

Raziel Ruiz Alarez