RAMIREZ, P. J.
*535 Defendant Jesus Manuel Lucero has a history of failing to appear. Among other things, he failed to appear during most of his trial in this case. The trial court nevertheless proceeded with the trial in his absence, and a jury found him guilty.
Defendant's appointed counsel, John Dorr, filed a motion for new trial, arguing that there had been good cause for defendant's absence from trial. At argument on the motion, however, Dorr conceded that the motion was untimely, and the trial court denied it as untimely, without even reading it. In a previous appeal, we held that the motion was not untimely, and that Dorr rendered constitutionally ineffective assistance of counsel by conceding that it was. We directed the trial court to rule on the merits of the motion.
On remand, the trial court duly held a hearing on the new trial motion; once again, Dorr represented defendant, and once again, defendant failed to appear. The trial court found that defendant was voluntarily absent; it then proceeded to deny the motion.
Defendant appeals. In the published portion of this opinion, we will hold that, while Dorr's previous ineffective assistance afforded sufficient grounds to relieve him and to appoint new counsel on remand, the trial court was not required to do so unless and until defendant asked it to. In the unpublished portion of this opinion, we will hold that the trial court's finding that defendant's absence from the new trial hearing was knowing and voluntary was supported by substantial evidence. Accordingly, we will affirm.
I
FACTUAL AND PROCEDURAL BACKGROUND
A. Defendant's Failure to Appear at Trial .
Defendant was charged with first degree burglary ( Pen. Code, §§ 459, 460 ) and simple possession of methamphetamine ( Health & Saf. Code, § 11377, subd. (a) ). Attorney Dorr was appointed to represent defendant.
Before trial, on three separate occasions, defendant failed to appear, causing the trial court to issue a bench warrant.
Once trial started, defendant was present for the first two days, but on the third day, he failed to appear. Dorr asserted that defendant was in the hospital. The trial court granted a one-day continuance, but it warned Dorr that *536 defendant would have to produce medical documentation of his unavailability to obtain a further continuance.
On the fourth day, defendant once again failed to appear. Dorr did not attempt to explain why defendant was absent and did not produce any medical documentation. The trial court therefore refused to grant a further continuance. On the fifth day of trial, defendant still did not appear. The jury found defendant guilty as charged.
Dorr filed a motion for new trial, on the ground that defendant had been unable to appear for legitimate medical reasons. At the hearing on the motion, however, Dorr conceded that it was untimely; the trial court denied it as untimely, without reading *663 it. It proceeded to sentence defendant to a total of two years eight months in prison. Later, pursuant to Proposition 47, it reduced the conviction for simple possession of methamphetamine to a misdemeanor and resentenced defendant to a total of two years in prison.
B. Defendant's First Appeal .
Defendant appealed. We requested further briefs on whether defendant's motion for new trial had, in fact, been untimely. Defendant then argued, not only that the motion was actually timely, but also that Dorr had rendered ineffective assistance by conceding that the motion was untimely. We agreed on both points. We therefore reversed the judgment. ( People v. Lucero (February 24, 2015, E060275) 2015 WL 778841, 2015 Cal. App. Unpub. LEXIS 1385 [nonpub. opn.].) We further directed: "On remand, the trial court shall hold a hearing on defendant's new trial motion. If it grants the motion, it shall order a new trial. If it denies the motion, it shall reinstate the judgment." ( Id. at *10, 2015 Cal. App. Unpub. LEXIS 1385, at *29.)
C. Defendant's Failure to Appear on Remand .
On remand, the trial court set a hearing on defendant's new trial motion. The hearing, however, was repeatedly continued. In particular, in July 2015, September 2015, and again in January 2016, the hearing was continued based on Dorr's representations that defendant was in the custody of Immigration and Customs Enforcement (ICE).
While defendant was in ICE custody, Dorr visited him; they discussed the status of the case, including the fact that the judgment had been reversed on appeal. Dorr told him that, if he was released, he needed to let Dorr know.
As of May 14, 2016, defendant evidently was no longer in ICE custody, as he was arrested on misdemeanor drug charges. He signed a citation promising to appear on July 29, 2016.
*537 On May 27, 2016, defendant was arrested on a new misdemeanor drug charge, as well as for misdemeanor resisting an officer. On June 3, 2016, while still in custody, he was arraigned; a hearing was set for July 1, 2016. A hearing in this case was also set for July 1, 2016, specifically so defendant could appear in both cases at the same time. On that date, he failed to appear.
A hearing in this case was then set for July 29, 2016, again so defendant could appear in this case and in his first misdemeanor case at the same time. On that date, he failed to appear. Dorr moved to take the motion for new trial off calendar. The prosecution counter-moved to hold a hearing on the motion in defendant's absence. The trial court continued the hearing.
On August 12, 2016, at the continued hearing, defendant failed to appear. Dorr represented that he had not had any contact with defendant since defendant was released. The trial court found that defendant was absent voluntarily; it therefore held a hearing on the new trial motion.
After hearing argument, it denied the motion for new trial; it found that defendant's claim that he had been unable to appear at trial for medical reasons was not credible. It therefore reinstated the judgment.
II
DEFENDANT'S CONTINUED REPRESENTATION BY AN ATTORNEY FOUND ON APPEAL TO HAVE RENDERED INEFFECTIVE ASSISTANCE
On our own motion, we questioned whether it was reversible error that *664 Dorr continued to represent defendant on remand. At our request, both sides submitted further briefing on this issue. It appears to present a question of first impression. We therefore begin with some basic principles.
" 'Under both the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution, a criminal defendant has the right to the assistance of counsel. [Citations.] ... Construed in light of its purpose, the right entitles the defendant not to some bare assistance but rather to effective assistance.' [Citation.]" ( People v. Staten (2000) 24 Cal.4th 434, 450, 101 Cal.Rptr.2d 213, 11 P.3d 968.)
Under People v. Marsden (1970) 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 ( Marsden ), a criminal defendant can move to discharge his or her current appointed counsel and to appoint new counsel based on ineffective assistance. ( Id . at p. 123, 84 Cal.Rptr. 156, 465 P.2d 44.) "A trial court should grant a defendant's Marsden motion only when the defendant has made 'a substantial showing *538 that failure to order substitution is likely to result in constitutionally inadequate representation' [citation], or stated slightly differently, 'if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result' [citation]." ( People v. Hines (1997) 15 Cal.4th 997, 1025-1026, 64 Cal.Rptr.2d 594, 938 P.2d 388.)
Ineffective assistance of counsel can also be the basis of a new trial motion. ( People v. Fosselman (1983) 33 Cal.3d 572, 582-584, 189 Cal.Rptr. 855, 659 P.2d 1144.) Trial counsel, however, can hardly bring a new trial motion based on his or her own ineffective assistance; this situation presents an " 'inherent conflict.' " ( People v. Smith (1993) 6 Cal.4th 684, 692, 25 Cal.Rptr.2d 122, 863 P.2d 192 ( Smith ).) Accordingly, in Smith , the Supreme Court held that "a defendant is entitled to appointment of substitute counsel upon a proper showing posttrial or postconviction as well as pretrial." ( Id . at p. 692, 25 Cal.Rptr.2d 122, 863 P.2d 192.) "[T]he trial court should appoint substitute counsel when a proper showing has been made at any stage. A defendant is entitled to competent representation at all times, including presentation of a new trial motion.... [W]hen a defendant satisfies the trial court that adequate grounds exist, substitute counsel should be appointed. Substitute counsel could then investigate a possible ... motion for new trial based upon alleged ineffective assistance of counsel." ( Id . at p. 695, 25 Cal.Rptr.2d 122, 863 P.2d 192.)
The court further held that "the standard expressed in Marsden and its progeny applies equally preconviction and postconviction." ( People v. Smith , supra , 6 Cal.4th at p. 694, 25 Cal.Rptr.2d 122, 863 P.2d 192.) "[S]ubstitute counsel should be appointed when, and only when, necessary under the Marsden standard, that is whenever, in the exercise of its discretion, the court finds that the defendant has shown that a failure to replace the appointed attorney would substantially impair the right to assistance of counsel [citation], or, stated slightly differently, if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result [citation]. This is true whenever the motion for substitute counsel is made." ( Id . at p. 696, 25 Cal.Rptr.2d 122, 863 P.2d 192.)
*665 The court added, "It is the very nature of a Marsden motion, at whatever stage it is made, that the trial court must determine whether counsel has been providing competent representation. Whenever the motion is made, the inquiry is forward-looking in the sense that counsel would be substituted in order to provide effective assistance in the future . But the decision must always be based on what has happened in the past ." ( People v. Smith , supra , 6 Cal.4th at p. 695, 25 Cal.Rptr.2d 122, 863 P.2d 192.)
*539 Of course, an ineffective assistance of counsel claim can be asserted, not only in a Marsden motion or a new trial motion, but also on appeal. ( People v. Pope (1979) 23 Cal.3d 412, 425, 152 Cal.Rptr. 732, 590 P.2d 859.) Here, in defendant's previous appeal, we held that Dorr rendered ineffective assistance. Our ruling was, in substance, a finding that defendant's "appointed attorney [wa]s not providing adequate representation"; in the Marsden context, this finding would require Dorr to be discharged and replaced. Moreover, our ruling was binding on the trial court as law of the case. (See People v. Alexander (2010) 49 Cal.4th 846, 870, 113 Cal.Rptr.3d 190, 235 P.3d 873.) Thus, if defendant had brought a Marsden motion on remand, the trial court would have been required to grant it.
But defendant did not bring a Marsden motion. And that made all the difference.
"[T]he trial court is not required to conduct a Marsden hearing on its own motion. [Citations.]" ( People v. Martinez (2009) 47 Cal.4th 399, 421, 97 Cal.Rptr.3d 732, 213 P.3d 77.) " ' " '[A]lthough no formal motion is necessary, there must be "at least some clear indication by defendant that he wants a substitute attorney." ' [Citation.]" [Citation.]' [Citation.]" ( People v. Sanchez (2011) 53 Cal.4th 80, 91, 133 Cal.Rptr.3d 564, 264 P.3d 349.) In at least one case, the Supreme Court has held that a trial court cannot relieve appointed counsel on its own motion based on ineffective assistance of counsel. ( Smith v. Superior Court (1968) 68 Cal.2d 547, 562, 68 Cal.Rptr. 1, 440 P.2d 65.) Admittedly, in a later case, it suggested that this is not absolutely forbidden. ( People v. McKenzie (1983) 34 Cal.3d 616, 629-630, 194 Cal.Rptr. 462, 668 P.2d 769 [dictum], disapproved on other grounds by People v. Crayton (2002) 28 Cal.4th 346, 364-365, 121 Cal.Rptr.2d 580, 48 P.3d 1136 ; see also People v. Freeman (2013) 220 Cal.App.4th 607, 610, 163 Cal.Rptr.3d 222.) However, we have found no California case holding that a trial court must relieve ineffective appointed counsel on its own motion or that failure to do so is reversible error.[1]
We recognize that, on remand, defendant never appeared. However, Dorr visited him in custody and apprised him of the outcome of the first appeal; thus, defendant was aware of the grounds for a potential Marsden motion. And as we hold in the unpublished portion of this opinion, the trial court properly found that defendant was voluntarily absent, rather than unable to *540 appear. Thus, even assuming the outcome might be different if defendant was unable to bring a Marsden motion, that was not the situation here. *666 We therefore conclude that the trial court did not commit reversible error by failing to replace Dorr on remand.
III**
IV
DISPOSITION
The order appealed from is affirmed.
We concur:
McKINSTER, J.
SLOUGH, J.

We address only the issue of relieving appointed counsel on the trial court's own motion based on ineffective assistance of counsel. The trial court's power and/or duty to relieve appointed counsel on its own motion based on a conflict of interest (see People v. Peoples(1997) 51 Cal.App.4th 1592, 1597-1599, 60 Cal.Rptr.2d 173 ) or inability to proceed (see People v. Cole(2004) 33 Cal.4th 1158, 1187, 17 Cal.Rptr.3d 532, 95 P.3d 811 ) is outside the scope of this opinion.

See footnote *, ante.