Filed 12/20/24  P. v. Grayson CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ERICK DONTAY GRAYSON,<br><br>  Defendant and Appellant. | F087097<br><br>(Super. Ct. No. BF173160A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Brian N. McNamara, Judge.

Linnéa M. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kenneth N. Sokoler and Ross K. Naughton, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Erick Dontay Grayson was convicted in 2020 of one count of rape, with aggravated kidnapping circumstances within the meaning of the "One Strike" law.  He

was also found to have committed two prior strike convictions within the meaning of the "Three Strikes" law, which also qualified as serious felony convictions. Defendant was sentenced to 85 years to life in prison. This second appeal arises from defendant having been resentenced to the same term that was originally imposed on remand ordered in the First District Court of Appeal's (First District) opinion, which affirmed defendant's convictions and remanded the matter to the trial court to consider exercising its discretion under Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393) to strike or dismiss one or both five-year sentence enhancements.

Defendant contends the trial court reversibly erred by not holding sua sponte a hearing under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) before resentencing. Defendant further claims the court erred in failing to order an updated probation report before resentencing and argues defense counsel was ineffective for failing to remind the court to do so. Defendant argues the court abused its discretion by failing to strike his prior strike convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) and failing to dismiss his two prior serious felony enhancements and argues defense counsel was ineffective in his presentation of these motions at the resentencing hearing. Defendant also contends the court failed to give "great weight" to certain mitigating factors under Penal Code[1] section 1385, subdivision (c), and challenges the standard the court should follow when assigning great weight to factors in mitigation.

The People disagree on all of defendant's claims. The People respond the trial court is not required to hold a *Marsden* hearing sua sponte. The People also argue defendant's claims regarding the alleged sentencing errors and the failure to order an updated probation report are forfeited. The People further maintain the trial court did not abuse its discretion when it failed to dismiss defendant's two prior strikes and serious

---

[1] Undesignated statutory references are to the Penal Code.

2.

felony enhancements, and defense counsel was not ineffective.  We agree with the People and affirm.

## PROCEDURAL BACKGROUND

On August 20, 2020 the Kern County District Attorney filed an amended information charging defendant with rape (§ 261, subd. (a)(2); count 1).  As to count 1, the information alleged defendant kidnapped D.M. during the commission of the rape (§ 667.61, subds. (d)(2), (e)(1)) and defendant used a deadly weapon, a firearm (§ 667.61, subd. (e)(3)).  Further, the information alleged defendant suffered two prior strikes (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) and two prior serious felony convictions (§ 667, subd. (a)).

On July 16, 2020, a jury found defendant guilty of rape and found the kidnapping allegations true.  The jury determined defendant did not use a deadly weapon during the commission of the crime.  In a court trial,[2] the trial court found true that defendant suffered two prior strike convictions and two prior serious felony convictions.

On August 20, 2020, the trial court sentenced defendant to 10 years plus 75 years to life as follows:  on count 1, 75 years to life (§§ 261, subd. (a)(2), 667, subd. (e)(2)(A)(i), 667.61) plus two five-year prior serious felony conviction enhancements (§ 667, subd. (a)).

On January 11, 2023, after defendant appealed his conviction and sentence, the First District affirmed defendant's convictions but remanded for resentencing.  The appellate court found defense counsel ineffective for failing to ask the trial court to exercise its discretion under Senate Bill 1393.

On October 27, 2023, the trial court held a resentencing hearing.  Defendant moved to strike his prior strike convictions and two five-year prior serious felony enhancements.  The court was unpersuaded.

---

[2]     The parties stipulated to a bifurcated court trial on the prior convictions.

The trial court resentenced defendant to the same term it had imposed before—85 years to life.

## FACTUAL BACKGROUND

On September 20, 2012, D.M. was driving a taxi van for a taxi company and went to the Kern County Fairground to look for customers. Defendant flagged down the taxi D.M. was driving around 11:00 p.m. As she began driving, defendant told her it was a "holdup." Defendant then pointed a gun at D.M. and told her to keep driving. Defendant said that if D.M. did not cooperate, he would kill her.

Then, defendant told D.M. to stop. Defendant told her to get in the back of the van and take off her clothes. Defendant again said that if D.M. did not cooperate, he would kill her. D.M. did what she was told. Defendant began driving the van. They arrived in an area where D.M. could only see haystacks. Defendant finally stopped the van at a dark place near a canal and up a small hill.

Defendant climbed in the back of the van with D.M. and told her again he would kill her if she did not comply. He pulled D.M. down on the seat, kissed her on the mouth and on her body, and inserted his penis into her vagina. When D.M. tried to push defendant away, he hit her. After raping her, defendant shoved D.M. out of the van, threw her clothes at her, and drove off with D.M.'s phone, purse, and wallet inside the van.

D.M. put on her clothes and walked through a dark corn field. She jumped in front of a car she saw once she reached the road and cried out for help. D.M. told the occupants she was raped and the van she was driving was stolen. D.M. was taken to the hospital for a sexual assault examination. DNA evidence was collected and submitted to a DNA database known as "CODIS." Defendant was not found at that time.

On May 16, 2018, a detective got a "CODIS hit" in the 2012 rape and obtained a DNA sample from defendant. Defendant's DNA matched the DNA found on D.M.'s body during the sexual assault exam on the night of the rape.

## DISCUSSION

### I.  Failure of the Court to Request a *Marsden* Hearing Sua Sponte

Defendant contends the prior opinion from the First District, finding defense counsel ineffective, became law of the case.  Therefore, defendant argues the trial court reversibly erred by failing sua sponte to hold a hearing under *Marsden* before resentencing.  The People respond that the trial court was not required to hold a hearing on its own motion under *Marsden*, and that, even if the court was required to hold a hearing, the error was harmless.  We agree with the People that the court has no duty to request a *Marsden* hearing on its own motion.

#### A.  *Additional Background*

On January 11, 2023, the First District found that defendant's trial counsel was ineffective for failing to ask the trial court to exercise its discretion under Senate Bill 1393 to strike or dismiss one or both five-year enhancements.  On October 27, 2023, the trial court held a resentencing hearing.  The same counsel that represented defendant at trial and the initial sentencing, continued to represent him at the resentencing hearing.

#### B.  *Analysis*

" 'Under both the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution, a criminal defendant has the right to the assistance of counsel.  [Citations.]  The ultimate purpose of this right is to protect the defendant's fundamental right to a trial that is both fair in its conduct and reliable in its result.  [Citations.]  [¶]  Construed in light of its purpose, the right entitles the defendant not to some bare assistance but rather to *effective* assistance.' " (*People v. Staten* (2000) 24 Cal.4th 434, 450.)

Under *Marsden*, a criminal defendant can move to discharge his or her current appointed counsel and to appoint new counsel based on ineffective assistance.  (*Marsden*, *supra*, 2 Cal.3d at p. 123.)  However, "[t]he trial court is not obliged to initiate a *Marsden* inquiry sua sponte.  [Citation.]  The court's duty to conduct the inquiry arises 'only when

the defendant asserts directly or by implication that his counsel's performance has been so inadequate as to deny him his constitutional right to effective counsel.' " (*People v. Lara* (2001) 86 Cal.App.4th 139, 150–151; accord, *People v. Leonard* (2000) 78 Cal.App.4th 776, 787.)  Similarly, our Supreme Court found a trial court has no duty to bring a *Marsden* inquiry on its own motion "to protect the defendant's right to effective assistance of counsel … [even when] the court knows or should know that the adequacy of counsel's representation is in question." (*People v. Martinez* (2009) 47 Cal.4th 399, 421.)

Here, the trial court's duty under *Marsden* was not triggered because defendant made no such request.  Although a formal motion is not required, the trial court's duty to conduct an inquiry into the reasons the defendant believes his or her attorney is incompetent arises only when the defendant, or in some instances counsel, provides " ' "at least some clear indication" ' " the defendant wishes to substitute counsel.  (*People v. Martinez*, *supra*, 47 Cal.4th at p. 418.)  The trial court is not required sua sponte to hold a hearing under *Marsden*.

Defendant argues we should adopt a narrow exception to the rule:  the trial court should be required to hold a *Marsden* hearing on its own motion when an appellate court finds counsel ineffective, since the finding of ineffectiveness by the appellate court becomes law of the case.  Defendant relies in part on *People v. Lucero* (2017) 18 Cal.App.5th 532, 539 (*Lucero*) for the proposition that an appellate court's finding of ineffective assistance of counsel is "binding on the trial court as the law of the case" in further proceedings.[3]

In *Lucero*, the defendant's attorney filed a motion for a new trial but said it was untimely, and the trial court denied it as untimely.  On appeal, the appellate court found

---

[3]     Defendant disagrees with *Lucero* on the finding that a *Marsden* motion must be made by the defendant first in the trial court or is waived.  (*Lucero*, *supra*, 18 Cal.App.5th at pp. 539–540.)

the motion was timely, and also found the defendant's attorney rendered ineffective assistance by conceding the motion untimely. (*Lucero*, *supra*, 18 Cal.App.5th at p. 536.) The Fourth District considered whether it was reversible error that the defendant's attorney, who was deemed ineffective by the appellate court, continued to represent the defendant on remand. (*Ibid*.)

The *Lucero* court found that an appellate court's finding of ineffective assistance of counsel became the law of the case on remand and in further proceedings. (*Lucero*, *supra*, 18 Cal.App.5th at p. 539.) The *Lucero* court reasoned, "if [the] defendant had brought a *Marsden* motion on remand [to appoint new counsel on basis of ineffective assistance], the trial court would have been required to grant it." (*Ibid*.) However, the court stated, "we have found no California case holding that a trial court must relieve ineffective appointed counsel on its own motion or that failure to do so is reversible error." (*Ibid*.) *Lucero* imposed no requirement on the trial court to hold sua sponte a hearing under *Marsden* and to appoint new counsel absent a request by the defendant, even if the appellate court found defense counsel ineffective. (*Lucero*, at pp. 539–540.) Thus, there was no reversible error in *Lucero* for the court's failure to replace the defendant's attorney on remand. (*Id*. at p. 540.)

We find *Lucero* instructive. Defendant never asked the trial court to appoint substitute counsel. Therefore, the trial court had no duty to hold a *Marsden* hearing without such request. (See *People v. Gay* (1990) 221 Cal.App.3d 1065, 1070 ["[a] trial judge should not be obligated to take steps toward appointing new counsel where [the] defendant does not even seek such relief"]; *Lucero*, *supra*, 18 Cal.App.5th at p. 539 [the defendant's failure to bring a *Marsden* motion after the appellate court found his counsel ineffective made all the difference since the trial court has no duty to make a *Marsden* motion on its own inquiry].) Without a *Marsden* motion initiated by defendant in the trial

court, defendant's claim fails even if the finding of ineffective assistance of counsel becomes the law of the case.[4] (*Lucero*, at p. 539.)

The remainder of defendant's arguments seek to impose additional requirements on the trial court without citing any authority for his position. For example, defendant argues the trial court must inform a defendant on the record of his counsel's ineffectiveness after such a finding is made by an appellate court. We decline to reach these issues. (*People v. Hovarter* (2008) 44 Cal.4th 983, 1029 [points not supported by legal argument and citation to authority may be treated as waived].)

Since we find a trial court is not required to bring a *Marsden* inquiry sua sponte, we find no error for the failure to appoint another attorney to represent defendant at the resentencing hearing.

## II. Failure to Order a Supplemental Probation Report

Defendant argues the trial court erred in failing to order a supplemental probation report before resentencing. In the alternative, defendant argues defense counsel was ineffective in failing to remind the court to order one. The People argue defendant forfeited his claim, and even reaching the merits, the record discloses a satisfactory explanation why defense counsel failed to obtain a supplemental probation report. We agree with the People in both respects.

### A. Forfeiture

By statute and by rule, the trial court must request a presentence investigation report only where the defendant is eligible for probation or "a report is needed to assist the court with other sentencing issues, including the determination of the proper amount of restitution fine; [¶] [or] … if a significant period of time has passed since the original

---

**4** Given our resolution of this argument, we do not address whether the appellate court's opinion rendering counsel ineffective is the law of the case for further proceedings.

report was prepared." (Cal. Rules of Court, rule 4.411(a)(1)(B), (a)(2);[5] § 1203, subds. (b)(1), (g).) "The courts have held that a supplemental report is necessary only in the circumstances in which a report is required in the first instance, i.e., when the defendant is eligible for probation or a report is necessary to assist the court with other sentencing issues such as the amount of a restitution fine." (*People v. Campbell* (2023) 98 Cal.App.5th 350, 385.)

Defendant's prior strike convictions rendered him ineligible for probation. (§ 667, subd. (c)(2); *People v. Superior Court* (*Roam*) (1999) 69 Cal.App.4th 1220, 1229 [a Three Strikes defendant is ineligible for probation].) Additionally, defendant's conviction of section 261, subdivision (a)(2) rendered him ineligible for probation. (§ 1203.065, subd. (a).) The court was not required to obtain a supplemental report. While the court had discretion to obtain a supplemental report, since defense counsel did not request one, defendant forfeited his claim.[6] (*People v. Franco* (2014) 232 Cal.App.4th 831, 834 [where a defendant at resentencing is ineligible for probation, the failure to request a supplemental probation report or object to proceeding without one results in waiver of a supplemental report and forfeiture of the right to object to the absence of such a report on appeal, even where the issue before the sentencing court was whether to exercise discretion to dismiss a strike under section 1385].)

### B.     *Ineffective Assistance of Counsel*

" 'In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the

---

[5]     All further rule references are to the California Rules of Court.

[6]     In his reply brief, defendant concedes he forfeited his appellate claim for failure to request a supplemental probation report.

outcome.' " (*People v. Gamache* (2010) 48 Cal.4th 347, 391.)  We apply "a presumption counsel acted within the wide range of reasonable professional assistance," unless "(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Here, defense counsel may have had a rational tactical purpose for not requesting a supplemental report.  The same judge presided over defendant's original sentencing in 2020 and his resentencing in 2023.  Defense counsel could have reasonably determined that a supplemental probation report would not benefit defendant because he was continuously incarcerated during the intervening period.  (See, e.g., *People v. Johnson* (1999) 70 Cal.App.4th 1429, 1433 [where a defendant is in prison throughout the period from his original sentencing hearing until his sentencing hearing on remand, the court could reasonably infer that the defendant knowingly waived a supplemental probation report because he knew it would not benefit him]; *People v. Tempelis* (1964) 230 Cal.App.2d 596, 599 [there are cases where the defendant may not want a supplemental report because the defendant knows a supplemental report will not benefit him].)

Moreover, defendant fails to establish a reasonable probability of a different result had a supplemental report been requested by trial counsel.  Defendant does not assert that his postconviction conduct was such that it could have made a difference in the trial court's resentencing decision.  While defendant contends an updated report may have revealed defendant's good conduct in prison during the intervening period, the contention is unsubstantiated, and defendant fails to show how his alleged good conduct during the intervening period would assist the court in sentencing him a second time.

Defendant also argues an updated probation report would have been beneficial to show the circumstances under which defendant's prior convictions were suffered and

10.

regarding defendant's remorse.[7]  However, defendant already suffered the prior convictions at the time the initial probation report was authored.  Also, the circumstances under which defendant's prior convictions were suffered is not the only determining factor under *Romero*.  (See *Romero*, *supra*, 13 Cal.4th at p. 531 [a court should consider a defendant's background, the nature of his present offenses, and other individualized considerations when using its discretion to strike a strike].)  "A defendant should not be allowed to stand silent when the court proceeds without a supplemental probation report, gamble that a trial court will impose a lesser term of imprisonment and then urge reversal for the failure to obtain the report without being required to make some showing that he was prejudiced thereby."  (*People v. Begnaud* (1991) 235 Cal.App.3d 1548, 1556, fn. 7.)  Defendant fails to establish ineffective assistance of counsel.

## III.    Motion to Strike a Prior Strike

Defendant claims the trial court abused its discretion when it failed to strike his prior strike convictions under the circumstances of this case, which he argues placed him "outside the spirit" of the Three Strikes law.  Moreover, defendant argues defense counsel was ineffective in his presentation of the *Romero* motion, specifically, defense counsel failed to provide details of defendant's two prior serious felony convictions, through an updated probation report or otherwise, that would have demonstrated to the court that defendant's prior strikes should have been stricken.  The People disagree, arguing defendant's claim is forfeited, and even reaching the merits, there was no abuse of discretion.  We agree with the People.

### A.    *Additional Background*

Defense counsel brought a motion under *Romero* and Senate Bill 1393 to strike defendant's prior strike convictions and dismiss defendant's two five-year prior serious

---

[7]    We note the prior convictions were listed in the original probation report.  The probation report also included defendant's personal history and circumstances of the present offense.

felony enhancements. The prosecutor opposed defense counsel's motion, arguing defendant was not outside the spirit of the Three Strikes law.

At the sentencing hearing, defense counsel argued the strike convictions were too remote in time and therefore should be dismissed. The prosecutor disagreed, and argued defendant has repeatedly "demonstrated behavior over the course of … 15 years of violence, disregard for public safety, disregard for safety of others, and … take[s] whatever he wants, however he wants, through power, through force, and through violence."

The trial court initially said defense counsel's argument regarding the remoteness of the two prior strikes was "awkward" given the fact that defendant committed the current offense in 2012 but was not charged until 2019. The court reasoned the failure to charge defendant for the current offense until several years later should not "benefit" him. The court then commented on defendant's prior criminal history:

> "[Defendant] had two strikes one in [1999], one in 2006. [The current offense] happened in 2012 but then again in 2013 [defendant] picks up the [petty theft] as a misdemeanor and then in [2015] driving without a license, then vandalism, stealing a car, and then he had probation violations in there all the way through [2018], and then finally … he gets picked up [for the current offense]."

Thereafter, the following exchange occurred between defense counsel and the court regarding the remoteness of defendant's prior strikes:

> "[Defense counsel]: Does the Court think that's … in the interest of justice? [¶] What has [defendant] done in his life that warrants that he … dies in prison? [¶] I'm not trying to minimize what happened. [Defendant] is going to get a lot of time regardless. So is he not being punished and condemned to prison for the rest of his life because of what he did 23 years ago?

> "[Trial Court]: I did some math here. That poor … victim, it was eight years before [the victim] got into court and … [the victim] lost her job, scared to go out in the dark. That was eight years. We suddenly got to take eight years and what was it filled with in terms of the defendant versus

12.

this poor [victim] as a result of something which he's found guilty later in [2020] and then we're back here today."

After hearing arguments from the prosecutor and defense counsel regarding striking defendant's prior strikes under *Romero* and dismissal of the two prior serious felony enhancements, the court said it "considered" both the oral arguments and the parties' sentencing memorandums prior to making a ruling.

The court's reasoning for declining to strike defendant's prior strike convictions and declining to dismiss the challenged enhancements all largely overlapped. That reasoning, in full, was as follows:

> "The defendant's criminal record … is full of probation violations [and] parole violations … [t]he defendant's background, character and prospects, interest there. [¶] In terms of that … I'll rely on the motion for that. Where background, character, and prospects [in] the interest of justice … [s]o we considered … that and at this time the Court finds the defendant not outside the spirit of the three strikes law and denies the defense motion.

> "In terms of *Romero* as to the two strike priors, which I'll state the dates so there's no confusion, one in 1999, the other one 2006, it did include [defense counsel's] arguments … [t]he Court doesn't feel [that] *Romero* was set up for that situation which has been argued … [s]o as to the nickel priors under all the current laws, particularly rule 4.409, it has considered all relevant factors to this sentencing including … [section] 1385 where the Court has absolute discretion technically as to the nickel priors and [will not] grant that request either. [¶] … [¶]

> "[T]he Court has considered [defendant's request to strike the nickel priors]. It looked back at the previous [probation report] just to get everything there. It will adopt the mitigating factors, the aggravating factors .…

> "Mitigation none. Aggravating factors … [t]he violent nature of this was horrific. I remember this trial. It is not a case that went away quickly… particularly the victim on the stand, what actually happened, how it ended up. [The victim] was … dumped .…

> "It says particularly vulnerable. Here we [have] somebody where you call them out for a taxi. They're vulnerable because they're in the driver seat, and incorporating what Probation said she was 5 feet tall …

13.

defendant has served two prior prison terms, parole.  All of these things factually true … with that, there's nothing in mitigation .…"

### B.    Analysis

#### 1.    Forfeiture

We previously concluded defense counsel's failure to order an updated probation report was forfeited, and, even reaching the merits, defense counsel was not ineffective for failing to order an updated report.

As to defendant's second argument regarding defense counsel's ineffectiveness for failure to present further mitigating evidence in support of his *Romero* motion, "any failure on the part of a defendant to invite the court to dismiss under section 1385 following *Romero* waives or forfeits his or her right to raise the issue on appeal." (*People v. Carmony* (2004) 33 Cal.4th 367, 375–376 (*Carmony*).)  However, because defendant contends his counsel was ineffective, we exercise our discretion to reach the merits of his contentions to forestall the claim of ineffective assistance of counsel.  (See *People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6 (*Williams*) [an appellate court has authority to reach a forfeited claim].)

#### 2.    Merits

We review the trial court's denial of defendant's motion to strike his prior felony convictions for an abuse of discretion.  (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.)  For example, an abuse of discretion occurs where the trial court was not " 'aware of its discretion' " to dismiss or where the court considered impermissible factors in declining to dismiss.  It is not enough to show that reasonable people might disagree about whether to strike one or more prior conviction allegations.  A court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.  (*Ibid*.; see *Carmony*, *supra,* 33 Cal.4th at pp. 377–378.)

In *Romero*, our Supreme Court concluded that "section 1385[, subdivision] (a) … permit[s] a court acting on its own motion to strike prior felony conviction allegations in

14.

cases brought under the Three Strikes law." (*Romero, supra*, 13 Cal.4th at pp. 529–530; see *People v. Strong* (2001) 87 Cal.App.4th 328, 335.) The state high court emphasized, however, that "[a] court's discretion to strike prior felony conviction allegations in furtherance of justice is limited. Its exercise must proceed in strict compliance with section 1385[, subdivision] (a), and is subject to review for abuse." (*Romero*, at p. 530.) " ' "[T]he language of [section 1385], 'in furtherance of justice,' requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People*, in determining whether there should be a dismissal." ' " (*Ibid*.) " ' " '[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion.' " ' " (*Id*. at p. 531.)

In *Williams*, our Supreme Court gave further definition to the standard for dismissing a strike—"in furtherance of justice"—by requiring that the defendant be deemed "outside the spirit" of the Three Strikes law before a strike was dismissed: "[w]hether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, *supra*, 17 Cal.4th at p. 161.)

Following *Williams*, the overwhelming majority of California appellate courts have reversed the dismissal of, or affirmed the refusal to dismiss, a strike for defendants with a long and continuous criminal career. (E.g., *People v. Stone* (1999) 75 Cal.App.4th 707, 717 [no abuse of discretion in refusing to vacate one of the defendant's strikes because the defendant "is an exemplar of the 'revolving door' career criminal to whom the Three Strikes law is addressed"]; *People v. Thornton* (1999) 73 Cal.App.4th 42, 49 [reversing order dismissing two of three strikes, where the defendant had a long history of felonies, misdemeanors, drug use, and parole violations, which showed that his

background, character, and prospects were "dismal, and cannot be said to be outside the spirit of the [T]hree [S]trikes law"]; see *People v. McGlothin* (1998) 67 Cal.App.4th 468, 475 [reversing dismissal of strike where the defendant's criminal history extended back to when he was 15 years of age, including previous felonies, various misdemeanors, and parole and probation violations].)

The trial court addressed defendant's *Romero* motion and made the requisite findings necessary when it declined to strike defendant's prior strikes. The court considered defendant's lengthy criminal record, which included multiple convictions and parole violations.[8] Defendant's criminal behavior increased in frequency and severity. Defendant committed multiple offenses and suffered probation violations after committing the current offense in 2012. Considering these factors alone, the trial court was within its discretion not to strike defendant's prior strike convictions. (*People v. Stone*, *supra*, 75 Cal.App.4th at p. 717.)

---

[8]     Defendant began his criminal career in 1995 with a conviction for fighting in a public place (§ 415, subd. (1)). In 1996, defendant was convicted of vandalism (§ 594, subd. (b)(4)). In 1997, the defendant was convicted of a grand theft (§ 487, subd. (a)) and section 148, subdivision (a)(1) charge. Later in 1997, defendant was convicted of domestic violence (§ 273.5, subd. (a)), grand theft from a person (§ 487, subd. (c)), grand theft (§ 487, subd. (a)), criminal threats (§ 422), and witness intimidation (§ 136.1). In 1998, defendant was convicted of stealing a vehicle and a few months later, receiving stolen property (Veh. Code, § 10851, subd. (a); § 496, subd. (a)). In 2000, defendant was convicted of second degree robbery (§ 212.5, subd. (c)). After being released from custody following the robbery conviction, the defendant was convicted in 2001 of petty theft (§ 488). In 2004, defendant was convicted of domestic violence, battery, and driving without a license (§§ 273.5, subd. (a), 243 subd. (e)(1); Veh. Code, § 12500, subd. (a)). In 2006, the defendant was convicted of second degree robbery with a prior strike and suffered multiple parole violations (§§ 212.5, subd. (c), 667, subd. (e)). In 2013, defendant committed another grand theft of a person, which was pled down from a third strike robbery to a misdemeanor (§ 487, subd. (c)). In 2015, defendant was convicted of vandalism and driving with a suspended license (§ 594, subd. (b); Veh. Code, § 14601.1, subd. (a)).

The trial court addressed the nature and circumstances of defendant's present offense. The court described the current offense as "violent" and "horrific." The court considered defendant's background, character, and prospects, which also included defendant's contentions regarding his newly alleged remorse, how he was a "good family man" and a hard worker, as well as defense counsel's argument that society is better off with a citizen who enjoys a meaningful and productive life. After weighing those considerations, along with defendant's lengthy criminal record, the court rightly found dismissal of the prior strikes was not in the interests of justice.

Defendant argues that his first strike should have been stricken because it is remote.[9] "In determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; see *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124 [a prior strike conviction is not properly stricken merely because it is 30 years old].) "To be sure, a prior conviction may be stricken if it is remote in time. In criminal law parlance, this is sometimes referred to as 'washing out.' [Citations.] The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*Humphrey*, at p. 813.)

---

[9]     Defendant relies on section 1385, subdivision (c)(2)(H)—which triggers a presumption in favor of dismissal of *enhancements* based on prior convictions more than five years old—for the proposition that his prior strike conviction should have been stricken because it is more than five years old. Section 1385, subdivision (c)(2) does not apply to the Three Strikes alternative sentencing scheme. (See *People v. Burke* (2023) 89 Cal.App.5th 237, 244 ["The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement"]; accord, *People v. McDowell* (2024) 99 Cal.App.5th 1147, 1154; *People v. Dain* (2024) 99 Cal.App.5th 399, 404; *People v. Olay* (2023) 98 Cal.App.5th 60, 69.)

Defendant did not live a legally blameless life after his prior strike conviction in 1999.[10] (*People v. Humphrey*, *supra*, 58 Cal.App.4th at p. 813.) While defendant argued the prior strike was remote because it occurred 23 years ago, the court examined defendant's conduct after the prior strike occurred. The court noted defendant suffered another second degree robbery conviction, a serious felony, multiple probation violations and a prison term, before committing the current offense, a violent felony. The court also considered the offenses defendant committed in the eight years after he suffered the instant offense, but before he was charged in 2019. The court found that striking defendant's prior strikes under *Romero* because his previous strike was "remote" was not proper because of the multiple other convictions defendant suffered in the interim. The court's reasoning was sound. (Cf. *People v. Garcia* (1999) 20 Cal.4th 490, 503 [the defendant's prior offenses were committed during a "single period of aberrant behavior" and did not involve violence].)

In sum, there is nothing to suggest the circumstances in which the two prior strikes were committed—to the extent the circumstances contained mitigating evidence—would have resulted in a more favorable sentence, in light of the seriousness of defendant's current crime and the extent of his criminal history, which the trial court rightfully relied upon when it made its ruling. We find no abuse of discretion.

## IV. Section 1385, Subdivision (c)

Defendant argues the trial court abused its discretion when it declined to dismiss multiple enhancements alleged in the same case, including the special allegation related to the rape under section 667.61 and the two serious felony conviction enhancements under section 667, subdivision (a). Defendant further argues defendant's remorse is entitled to "great weight" under section 1385, subdivision (c), which creates a rebuttable

---

[10] The trial court stated defendant's first strike occurred in 1999. To clarify, defendant was charged with second degree robbery (§ 212.5, subd. (c)) on October 9, 1999, but was convicted on January 13, 2000.

presumption in favor of dismissal. Defendant also argues the trial court abused its discretion when it imposed multiple enhancements in a single case (§ 1385, subd. (c)(2)(B)), and imposed an enhancement based on a prior conviction over five years old (§ 1385, subd. (c)(2)(H)).[11] Lastly, defendant asserts defense counsel was ineffective in the presentation of defendant's remorse at the sentencing hearing and for failing to preserve these issues for review.

The People argue defendant's claims are forfeited for failure to raise them at the sentencing hearing. The People also contend the presence of mitigating circumstances does not create a rebuttable presumption in favor of dismissal, and the court rightly concluded dismissal of the enhancements was not in the "interests of justice." We agree with the People that defendant's claims are forfeited, and, even reaching the merits, there was no error.

### A.    *Additional Background*

Defense counsel filed a motion to dismiss defendant's prior serious felony enhancements and asked the trial court to exercise its discretion pursuant to Senate Bill 1393. In defense counsel's sentencing memorandum, he argued that defendant "regret[ted] his actions and [wa]s very remorseful." At the hearing, defense counsel also told the trial court that defendant was remorseful for the incident that happened in this case.

---

**11**    We again note that defendant only argues his prior strike, not enhancement, should be stricken because it is remote. Defendant's argument is convoluted. As set forth above, section 1385, subdivision (c)(2) applies only to enhancements, and the Three Strikes law is an alternative sentencing scheme, not an enhancement. (*People v. Burke*, *supra*, 89 Cal.App.5th at p. 244.) However, defendant cites section 1385, subdivision (c)(2)(H). Since defendant points us to the appropriate legal citation for dismissal of an enhancement, *not a strike*, if it is based on a conviction over five years old, we will presume defendant intended to argue the trial court erred in failing to dismiss the enhancement based on the presence of a mitigating circumstance, a conviction more than five years old.

The trial court declined to dismiss the two sentencing enhancements, stating that it exercised its discretion "as to the nickel priors under all the current laws, particularly rule 4.409 … [and] considered all relevant factors."

### B.    *Analysis*

#### 1.    <u>Forfeiture</u>

Generally, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.)  The trial court did not specifically state it gave "great weight" to any mitigating factor under section 1385, subdivision (c) or make a finding on the record that dismissal of one or both enhancements would endanger public safety.  However, the reason appears to be because the court was not asked to make such a finding.  "[A] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct." (*People v. Fruits* (2016) 247 Cal.App.4th 188, 208.)  The issues defendant raised in this section are forfeited.

However, because defendant contends, assuming the issues are forfeited, his counsel was ineffective in failing to raise them below, we exercise our discretion to reach the merits of his contentions to forestall the claim of ineffective assistance of counsel. (See *Williams*, *supra*, 17 Cal.4th at p. 161, fn. 6; *People v. Crittenden* (1994) 9 Cal.4th 83, 146 [reviewing court may exercise discretion to consider forfeited claims to forestall ineffective assistance of counsel arguments].)

#### 2.    <u>Abuse of Discretion Claims</u>

##### a.    **Application of Senate Bill No. 81 to the "One Strike" Law**

We turn to whether the trial court abused its discretion in failing to dismiss the special allegation related to the rape charge under section 667.61 and the two serious felony conviction enhancements under section 667, subdivision (a).

A trial court's decision whether to dismiss an enhancement pursuant to section 1385, subdivision (c), is reviewed for an abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) In reviewing for abuse of discretion, the burden is on the party attacking the sentence to clearly show the sentencing decision was irrational or arbitrary. (*Carmony*, *supra*, 33 Cal.4th at p. 376.) To meet that burden, our Supreme Court held there must be a showing that the court was unaware of the scope of its discretionary powers, or its exercise of discretion was irrational or arbitrary. (*Ibid*.; see *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; *People v. Gaines* (2023) 93 Cal.App.5th 91, 142.) A trial court also abuses its discretion when basing its decision on an impermissible consideration or on an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.)

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill 81) amended section 1385 to specify factors the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interests of justice. (§ 1385, subd. (c); *People v. Sek* (2022) 74 Cal.App.5th 657, 674.) Section 1385, subdivision (c) provides:

> "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances … are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(1)–(2).)

> Mitigating circumstances include, in pertinent part:

> "(B) Multiple enhancements are alleged in a single case… [¶] … [¶]

> "(H) The enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(B), (H).)

Subdivision (c) of section 1385 expressly applies to the dismissal of an "enhancement." (§ 1385, subd. (c)(1).) Section 667.61 is not a sentence enhancement. Section 667.61 is part of the One Strike law, which " 'sets forth an alternative and harsher sentencing scheme for certain enumerated sex crimes' when a defendant commits one of those crimes under specified circumstances." (*People v. Acosta* (2002) 29 Cal.4th 105, 118–119.) Section 667.61 does not apply to dismissal of multiple enhancements under section 1385, subdivision (c)(2)(B). (See *People v. Jones* (1997) 58 Cal.App.4th 693, 709 ["the one strike law is a 'penalty provision' and not a true 'enhancement' "].) Therefore, defendant is not entitled to dismissal and there was no abuse of discretion.

### b. Standard Used to Dismiss a Sentencing Enhancement When a Mitigating Factor Is Present

Next, defendant argues the trial court abused its discretion in failing to give great weight to the mitigating factor of remorse, and contends his remorse creates a rebuttable presumption in favor of dismissal. We first must determine the applicable standard that should be used when the trial court exercises its discretion to impose or dismiss enhancements under section 1385, subdivision (c).

At the time of briefing in this case, the Courts of Appeal were split regarding how to construe and apply section 1385, subdivision (c)(2), and the interpretation of the term "great weight" when mitigating circumstances are present. While this appeal was pending, our Supreme Court articulated the "great weight" standard set forth as follows:

> "Pursuant to section 1385, subdivision (c)(2), absent a finding that dismissal would endanger public safety, a court must assign significant value to the enumerated mitigating circumstances when they are present. In practice, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1038 (*Walker*); see *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098.)

We apply the standard set forth by the Supreme Court to the instant case. We therefore reject defendant's claim that section 1385, subdivision (c) creates a rebuttable presumption in favor of dismissal of an enhancement. (*Walker*, *supra*, 16 Cal.5th at pp. 1032–1033 [the Supreme Court adopted the *Ortiz* court's understanding and found that amended section 1385 does not create a rebuttable presumption in favor of dismissal of the enhancement].)

### c.     Mitigating Factor of Remorse

We turn to whether the trial court erred in failing to consider defendant's remorse as a mitigating factor. Section 1385, subdivision (c) specifies factors the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (§ 1385, subd. (c); *People v. Sek*, *supra*, 74 Cal.App.5th at p. 674.) Notably, remorse is not a mitigating factor under section 1385, subdivision (c)(A)–(I). As such, the trial court is not required under section 1385, subdivision (c) to consider defendant's remorse as a mitigating factor.

While defendant agrees remorse is not a mitigating factor under section 1385, subdivision (c), defendant urges us to consider it a mitigating factor, citing rules 4.423 and 4.428[12] to further his claim that remorse is a factor in mitigation that should be given great weight under the statute. However, the statute does not include any reference to remorse or rule 4.423(b)(8). (§ 1385, subd. (c)(2)(A)–(I).) Defendant urges us to add additional rules and language to the statute, a task we decline to do. (See *People v. Snook* (1997) 16 Cal.4th 1210, 1215 ["[i]f there is no ambiguity in the language, we presume the

---

[12]     Rule 4.428 does not list remorse as a mitigating factor as defendant suggests. Rule 4.428 involves "[f]actors affecting imposition of enhancements" and states in pertinent part that "[t]he court shall exercise the discretion to dismiss an enhancement if it is in the furtherance of justice to do so" and "[p]roof of the presence of one or more … circumstances [under section 1385, subdivision (c)] weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (Rule 4.428(c)(1), (2)(A).)

Legislature meant what it said and the plain meaning of the statute governs"].)
Moreover, even if rule 4.423(b)(8) was written into the statute, which it is not, there is
evidence of defendant's lack of remorse.[13]  Therefore, a consideration of defendant's
remorse under section 1385, subdivision (c) is inapplicable and we find no abuse of
discretion.

### d.     Application of Multiple Enhancements and Enhancement Over Five Years Old

Next, we turn to whether the trial court abused its discretion when it declined to
dismiss multiple enhancements and an enhancement resulting from a conviction over five
years old.  (§ 1385, subd. (c)(2)(B), (H).)

Defendant argues that the trial court did not give great weight to the presence of
two section 1385 mitigating circumstances and did not make an explicit finding that
dismissal of the enhancement would endanger public safety.  Defendant asks us to
remand the case to the trial court for resentencing.

As set forth above, section 1385, subdivision (c) requires the trial court to consider
the interests of justice by assigning significant value to the enumerated mitigating
circumstances when they are present, unless the court finds substantial, credible evidence
of countervailing factors that " 'may nonetheless neutralize even the great weight of the
mitigating circumstance, such that dismissal of the enhancement is not in furtherance of
justice.' " (*Walker*, *supra*, 16 Cal.5th at p. 1036.)  On the record before us, we presume
the trial court made the required findings.  Furthermore, we find no evidence that the
court abused its discretion for failing to dismiss one or both enhancements.

---

**13**     Rule 4.423(b)(8) considers remorse a mitigating factor when "defendant
voluntarily acknowledge[s] wrongdoing before arrest or at an early stage of the criminal
process."  At the resentencing hearing, defense counsel asked the trial court to consider
defendant's remorse as a mitigating factor three years after the completion of defendant's
criminal trial, when there was evidence showing defendant's lack of remorse in the early
stages of this case.

Here, the trial court did not expressly state it gave great weight to any mitigating factor or make a finding that dismissal of the enhancement would endanger public safety. However, the court is not required to state its reasons for dismissal of an enhancement on the record. (*People v. Carmony, supra*, 33 Cal.4th at p. 378 [in the face of a silent record it is presumed that a trial court correctly followed the applicable the law]; *People v. Weddington* (2016) 246 Cal.App.4th 468, 492 ["[o]n appeal, we presume that the trial court followed established law and thus properly exercised its discretion in sentencing a criminal defendant"].)

The trial court stated that it "considered all relevant factors" under section 1385 and applied "all the current laws" when the court exercised discretion not to dismiss the enhancements. There is no evidence the court did not know of the amendments to section 1385.[14] Instead, it appears the court did not make any findings on the record with respect to providing great weight to any mitigating factor or that defendant was a danger to public safety because it was not asked to do so.

We acknowledge the trial court noted there is nothing in mitigation. However, a closer look at the finding shows that it was not related to the court's exercise of discretion under section 1385, subdivision (c). This is demonstrated by the court's comments when it said it was "adopt[ing]" the mitigating factors in the probation report. And, immediately after the court noted the lack of factors in mitigation, it said, "since we're applying the indeterminate term, we'll leave it where it is."

The record is clear the finding did not apply to the dismissal of the enhancements pursuant to section 1385, subdivision (c), but to the findings in the probation report.

The record shows the court balanced several factors and did not impose defendant's sentence without the exercise of discretion. The court found the presence of

---

[14] We note the sentencing hearing took place on October 27, 2023, more than a year after Senate Bill 81 went into effect.

multiple aggravating factors and stated the "violent nature of this [case] was horrific." The court found that the victim was "dumped" after she was raped and how the facts of this case did not go "away quickly." The court also addressed the fact that defendant served two prior prison terms and parole. The court concluded it would not be in the interest of justice to dismiss the enhancements given the evidence of other countervailing factors. This was proper.

We find the trial court knew the relevant law and applied it correctly. Thus, even if defendant did not forfeit his claim of error under section 1385, it fails on the merits.

## DISPOSITION

The judgment is affirmed.


DE SANTOS, J.

WE CONCUR:


PEÑA, Acting P. J.


MEEHAN, J.

26.